**United States Bankruptcy Court**
**District of Minnesota, St. Paul Division**

| | |
|---|---|
| **IN RE:** | Case No. 16-30972 |
| **Acosta, Walter Kenneth** | Chapter **13** |
| Debtor(s) | |

## MODIFIED CHAPTER 13 PLAN
Dated: **June 22, 2016** .

**1. DEBTOR'S PAYMENTS TO TRUSTEE** –
a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
b. After the date of this plan, the debtor will pay the trustee $ **varies**[1] per **month** for **60** months, beginning within 30 days after the relief for a total of $ **27,123.00**. The minimum plan length is **[ ]** 36 or **[X]** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee: **n/a**
d. The debtor will pay the trustee a total of $ **27,123.00** [line 1(a) + line 1(b) + line 1(c)].
[1] **3 payments of $380.00 followed by 1 payment of $4,703.00 followed by 56 payments of $380.00**

**2. PAYMENTS BY TRUSTEE** – The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **2,712.30** , [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | TOTAL PAYMENTS |
|---|---|---|---|
| **None** | | | |
| TOTAL | | | **0.00** |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| **None** | |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| **None** | |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** – The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates*. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **Ditech Financial LLC** | 18,500.00 | 324.56 | 4 | 57 | 18,500.00 |
| TOTAL | | | | | **18,500.00** |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** – The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate* .

| Creditor | Amount of Default | Int. rate (if any) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| **None** | | | | | | |
| TOTAL | | | | | | **0.00** |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** – The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | Monthly Payment | Number of Payments | Payments on Account of Claim | Adequate Protection from ¶ 3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| None | | | | | | | | | |
| TOTAL | | | | | | | | | 0.00 |

**9. PRIORITY CLAIMS** – The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimate Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| Minnesota Department of Revenue | 4,322.32 | 75.83 | 4 | 57 | 4,322.32 |
| Starkey Law Office, LLC | 1,510.00 | 377.50 | 1 | 4 | 1,510.00 |
| TOTAL | | | | | 5,832.32 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** – In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Int. Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| None | | | | | | |
| TOTAL | | | | | | 0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** – The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **78.38** [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **33,783.00**.
c. Total estimated unsecured claims are $ **33,783.00** [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** – All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** – The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
**a.  Mortgage Statements/Loan Modifications:  Upon confirmation of this plan, the creditors listed in paragraph 6, Ditech Mortgage Servicing shall recommence issuing monthly billing statements to the debtor at the debtor's address listed in the bankruptcy petition as to post petition 1st mortgage obligations that come due after confirmation of the plan.**

**b.  Tax Refunds:  The debtor shall send the Trustee each year during the Chapter 13 Plan copies of his federal and state income tax returns at the time they are filed. The debtor shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. Individual debtors shall be entitled to retain the first $1,200 of refunds and joint debtors shall be entitled to retain the first $2,000 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.**

**c. In the event of the surrender, foreclosure, repossession or return of any collateral to any secured creditor listed in paragraphs 4, 5, 6, 7 or 8, for any reason, the creditor may amend its Proof of Claim to a general unsecured claim and the Trustee shall pay the claim as a general unsecured claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor receiving a discharge in this case.**

**14.  SUMMARY OF PAYMENTS** –

| | |
|---|---|
| Trustee's Fee [Line2) | $ **2,712.30** |
| Home Mortgage Defaults [Line 6(d)] | $ **18,500.00** |
| Claims in Default [Line 8(d)] | $ **0.00** |
| Other Secured Claims [Line 8(d)] | $ **0.00** |
| Priority Claims [Line 9(f)] | $ **5,832.32** |
| Separate Classes [Line 10(c)] | $ **0.00** |
| Unsecured Creditors [Line 11] | $ **78.38** |
| TOTAL [must equal Line 1(d)] | $ **27,123.00** |

**Jennifer VanDerBosch Starkey 0297495**
**Starkey Law Office, LLC**
**1310 E Highway 96, Suite 204A**
**White Bear Lake, MN  55110**

Signed: /s/ Walter Kenneth Acosta
                                    DEBTOR

Signed: _____
                              DEBTOR (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Acosta, Walter Kenneth

Debtor.

Chapter 13

Case No. 16-30972

## NOTICE OF PRE-CONFIRMATION CHAPTER 13 MODIFICATION OF PLAN

To: Gregory A. Burrell, Chapter 13 Trustee, and all parties in interest:

PLEASE TAKE NOTICE THAT on July 14, 2016, at 10:30a.m. before the Honorable Katherine A. Constantine, United States Courthouse, at Courtroom 2C, 2nd floor, 316 North Robert Street, St. Paul, Minnesota the Court will hold a hearing on the proposed modification of plan of the above-named Debtor. A copy of the Modified Plan was filed on June 22, 2016.

Dated: June 22, 2016

/s/ Jennifer L. VanDerBosch Starkey
STARKEY LAW OFFICE, LLC
Jennifer L. VanDerBosch Starkey
Atty. ID (0297495)
1310 E Highway 96, Suite 204A
White Bear Lake, MN 55110
Tele: (651) 528-7601

REVISED 12/15

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: Acosta, Walter Kenneth

Debtor(s).

Case No. 16-30972

## SIGNATURE DECLARATION

- ☐ PETITION, SCHEDULES & STATEMENTS
- ☐ CHAPTER 13 PLAN
- ☐ VOLUNTARY CONVERSION, SCHEDULES & STATEMENTS
- ☑ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
- ☑ MODIFIED CHAPTER 13 PLAN
- ☐ OTHER: PLEASE DESCRIBE: _____

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 6-21-2016

x /s/ Walter K Acosta
Signature of Debtor 1 or Authorized Representative

WALTER K ACOSTA
Printed name of Debtor 1 or Authorized Representative

x _____
Signature of Debtor 2

_____
Printed Name of Debtor 2

**Acosta, Walter Kenneth**                                                          **Case No. 16-30972**

## FORM 9001-1 – UNSWORN CERTIFICATE OF SERVICE

UNSWORN CERTIFICATE OF SERVICE

    I, Jennifer L. Starkey, declare under penalty of perjury that on June 22, 2016, I mailed copies of **Amended Summary of Assets and Liabilities, Amended Schedule A/B, Amended Schedule C, and Modified Chapter 13 Plan** by first class postage prepaid mail to each entity listed on the attached list and via CM/ECF.

                                                         **STARKEY LAW OFFICE, LLC**

Dated: June 22, 2016                                    /s/ Jennifer L. Starkey
                                                               Jennifer L. Starkey (297495)
                                                               1310 E Highway 96, Suite 204A
                                                               White Bear Lake, MN 55110
                                                               Tele: (651) 528-7601

Midland Credit Management, Inc.
As agent for Asset Acceptance, LLC
PO BOX 2036
Warren, MI  48090-2036

Ditech Financial
PO Box 6154
Rapid City, SD 57709-6154

EDUCATIONAL SERVICES OF AMERICA
PO BOX 7859
MADISON, WI  53707-7859

ENHANCED RECOVERY CORP.
8014 BAYBERRY RD
JACKSONVILLE, FL  32256-7412

GLHEGC
PO BOX 7859
MADISON, WI  53707-7859

IDEAL CREDIT UNION
8499 TAMARACK RD
WOODBURY, MN  55125-9201

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY DEPT
PO BOX 7346
PHILADELPHIA, PA  19101-7346

Kenneth and Maria Acosta
1064 Marion Street
St. Paul, MN 55117-5160

MESSERLI & KRAMER
3033 CAMPUS DR STE 250
PLYMOUTH, MN  55441-2662

Minnesota Department of Revenue
Collection Division/Bankruptcy Section
PO Box 64447
Saint Paul, MN 55164

USSET & WEINGARDEN
As agent for Ditech Financial LLC
4500 Park Glen Road Suite #300
Minneapolis, MN 55416-4891